**DASTI, MURPHY, McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS**
Christopher K. Koutsouris, Esq.
620 West Lacey Road
Post Office Box 1057
Forked River, New Jersey  08731
(609) 971-1010  FAX (609) 971-7093

Attorneys for Plaintiffs, Jean Picone and Joseph Picone

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEAN PICONE and JOSEPH PICONE, husband and wife, | CIVIL ACTION NO.: |
| Plaintiffs, | ***CIVIL ACTION*** |
| v. | Honorable _____ |
| BEY LEA VILLAGE CARE CENTER; 1351 OLD FREEHOLD OPERATIONS LLC; HOLDINGS LLC GENESIS NJ; ARNOLD WHITMAN; STEVEN FISHMAN, JOHN DOE(S) 1-10, fictitious persons; ABC CORP(S) 1-10, fictitious entities; ARISTACARE AT MANCHESTER; ARISTACARE AT MANCHESTER, LLC; BENJAMIN KURLAND; MORRIS WIESEL; SIDNEY GREENBERGER; ZVI KLEIN; JOHN DOE(S) 11-20, fictitious persons; ABC CORP(S) 11-20, fictitious entities; OCEAN MEDICAL CENTER; MERIDIAN HEALTH; HACKENSACK MERIDIAN HEALTH; JOHN DOE(S) 21-30; fictitious persons; and ABC CORP(S) 21-30, fictitious entities, | COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, CERTIFICATION PURSUANT TO LOCAL RULE 11.2 |
| Defendants. | |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on Title 28, United States Code Section 1331.

1

2. The amount in controversy is unliquidated, but is in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

3. Plaintiff further requests this Court to invoke the pendent jurisdiction of this Court, pursuant to Title 28, United States Code Section 1367, to consider claims arising under state laws as these claims form part of the same case or controversy.

4. Venue is properly laid in the District Court of New Jersey pursuant to Title 28, United States Code Sections 1391.

## THE PARTIES

1. Plaintiff, Jean Picone, was at all times relevant to this Complaint, a resident of the Township of Manchester, County of Ocean, State of New Jersey, and is a natural person of the United States of America. Plaintiff Jean Picone resides at 2433 Steiner Road in Manchester Township, Ocean County, New Jersey.

2. Plaintiff, Joseph Picone, was at all times relevant to this Complaint, the lawful spouse of Plaintiff Jean Picone. Plaintiff Joseph Picone is a natural person of the United States of America, residing at 2433 Steiner Road in Manchester Township, Ocean County, New Jersey.

3. Defendants, Bey Lea Care Center, 1351 Old Freehold Operations LLC and Holdings LLC Genesis NJ are, upon information and belief business entities organized and existing in the United States of America and, upon further information and belief, operate and exist in and pursuant to the Laws of the State of New Jersey. 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ owns, leases, operates, has book rights for and/or has an equity interest in Defendant Bey Lea Care Center.

4. Defendant Bey Lea Care Center is, upon information and belief, a wholly owned subsidiary and/or partially owned subsidiary and/or alter ego of Defendant 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and is a business entity organized and existing in the United States of America and, upon further information and belief, operates and exists in and pursuant to the Laws of the State of New Jersey.

5. Defendants, Arnold Whitman and Steven Fishman are, upon information and belief, natural persons of the State of New Jersey. Defendants, Arnold Whitman and Steven Fishman, in whole or in part, own, operate, manage and/or serve as the agent and/or registered agent for, the Defendants Bey Lea Care Center and/or 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ.

6. Defendants, Aristacare at Manchester and Aristacare at Manchester, LLC are, upon information and belief business entities organized and existing in the United

States of America and, upon further information and belief, operate and exist in and pursuant to the Laws of the State of New Jersey. Aristacare at Manchester, LLC owns, leases, operates, has book rights for and/or has an equity interest in Defendant Aristacare at Manchester.

7. Defendant Aristacare at Manchester is, upon information and belief, a wholly owned subsidiary and/or partially owned subsidiary and/or alter ego of Defendant Aristacare at Manchester, LLC and is a business entity organized and existing in the United States of America and, upon further information and belief, operates and exists in and pursuant to the Laws of the State of New Jersey.

8. Defendants, Benjamin Kurland, Morris Wiesel, Sidney Greenberger and Zvi Klein are, upon information and belief, natural persons of the State of New Jersey. Defendants, Benjamin Kurland, Morris Wiesel, Sidney Greenberger and Zvi Klein, in whole or in part, own, operate, manage and/or serve as the agent and/or registered agent for, the Aristacare at Manchester and/or Aristacare at Manchester, LLC.

9. Defendants, Ocean Medical Center, Meridian Health and Hackensack Meridian Health are, upon information and belief business entities organized and existing in the United States of America and, upon further information and belief, operate and exist in and pursuant to the Laws of the State of New Jersey. Meridian Health and/or Hackensack Meridian Health owns, leases, operates, has book rights for and/or has an equity interest in Defendant Ocean Medical Center.

10. Defendant Ocean Medical Center is, upon information and belief, a wholly owned subsidiary and/or partially owned subsidiary and/or alter ego of Defendant Meridian Health and/or Hackensack Meridian Health and is a business entity organized and existing in the United States of America and, upon further information and belief, operates and exists in and pursuant to the Laws of the State of New Jersey.

11. Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other persons, such as, but without limitation, certain physicians, physician's assistants, nurses, medical support personnel, administrators, owners, operators and managers. In addition, Plaintiff alleges an insufficient amount of time has passed to determine certain persons and/or certain business entities that are charged with the ownership, operation, training, supervision, contracting for and hiring of personnel employed by the named Defendants. Pursuant to Rule, said persons and business entities have been named as John Doe(s) 1-10, John Doe(s) 11-20 and John Doe(s) 21-30, fictitious persons who names are unknown and ABC Corp(s)., 1-10, ABC Corp(s) 11-20 and ABC Corp(s) 21-30, fictitious entities whose names are unknown. All said persons and entities may be wholly or partially responsible for injuries, damages and losses suffered by Plaintiff. Plaintiff reserves the right to amend the Complaint when and if their identities become known.

## COUNT I

## MEDICAL MALPRACTICE AND NEGLIGENCE AS TO DEFENDANTS BEY LEA VILLAGE CARE CENTER, 1351 OLD FREEHOLD OPERATIONS LLC, HOLDINGS LLC GENESIS NJ, ARNOLD WHITMAN, STEVEN FISHMAN, JOHN DOE(S) 1-10 AND ABC CORP(S) 1-10

1. Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein.

2. On or about June 10, 2015, Jean Picone was admitted to Defendant Bey Lea Village Care Centeras a resident at those premises for rehabilitation and nursing care as she was disabled, bed bound and/or wheelchair bound.

3. Jean Picone was a resident of the long-term care facility known as Bey Lea Village Care Centerfrom on or about June 10, 2015, through on or about July 3, 2015.

4. The Defendant, 1351 Old Freehold Operations LLCand/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, was the licensee of Bey Lea Village Care Center, the nursing home in which Jean Picone resided at all times relevant to this Complaint.

5. The Defendant, 1351 Old Freehold Operations LLCand/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(S) 1-10, was the owner of Bey Lea Village Care Center, the nursing home in which Jean Picone resided at all times relevant to this Complaint.

6. The facility, Bey Lea Village Care Center, is located at 1351 Old Freehold Road, Toms River, New Jersey 08753.

7. During her time as a resident at the premises of Defendant Bey Lea Village Care Center, starting on approximately June 10, 2015 and continuing through July 3, 2015, Jean Picone developed bed sores / pressure ulcers throughout her body.

8. At all times relevant to this Complaint, the persons responsible for attending to Jean Picone were acting as employees, agents, employee and/or servants of the Defendants Bey Lea Village Care Center and/or 1351 Old Freehold Operations LLCand/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10.

9. At all times relevant to this Complaint, Defendant Bey Lea Village Care Center was a "long term care facility" and/or "nursing home" and/or "residential health care facility" and/or "comprehensive personal care home" and/or "skilled nursing facility" and/or "rehabilitation center."

10. It then and there became the duty and/or responsibility of defendants Bey Lea Village Care Center and/or 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10 to provide assistance and/or care and/or treatment to Jean Picone consistent with that provided by a reasonably well-qualified "long term care facility" and/or "nursing home" and/or "residential health care facility" and/or "comprehensive personal care home" and/or "skilled nursing facility" and/or "rehabilitation center" in the care of Jean Picone.

11. Since June 10, 2015 until her discharge on July 3, 2015, defendants Bey Lea Village Care Center and/or 1351 Old Freehold Operations LLCand/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10 have breached their aforesaid duties and responsibilities to provide assistance and/or care and/or treatment to Jean Picone through one or more of the follow acts and/or omissions:

    a. Neglecting to provide adequate medical or personal care or maintenance, which failure resulted in Jean Picone's physical or mental injury and deterioration of her physical or mental condition including, but not limited to, the development of bed sores / pressure ulcers and the infliction of mechanical injuries;

    b. Neglecting to provide adequate assistance to Jean Picone in her "personal care", including tending to her personal needs or maintenance or general supervision and oversight of her physical and mental well-being;

    c. Neglecting Jean Picone by failing to appropriately turn her over in her bed and/or turn her in her chair, resulting in bed sores / pressure ulcers forming on her body; and

    d. Neglecting to properly provide adequate nursing home care, treatment and service to Jean Picone in preventing the development of bed sores / pressure ulcers forming on her body.

12. As a direct and proximate cause of one or more of the negligent acts and/or omissions of the Defendants Bey Lea Village Care Center and/or 1351 Old Freehold Operations LLCand/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, Jean Picone was caused to suffer illnesses and injuries, including, but not limited to, thedevelopment of bed sores / pressure ulcers throughout her body and the infliction of mechanical injuries.

13. As a direct and proximate cause of the above-described deviations of from the applicable standards of care and breaches by the Defendants Bey Lea Village Care Center and/or 1351 Old Freehold Operations LLCand/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-

5

10 and/or ABC Corp(s) 1-10, Plaintiff was caused to sustain serious, painful and permanent injuries to her body, including great physical and mental pain and suffering.

14. As a direct and proximate cause of the above-described deviations of from the applicable standards of care and breaches by the Defendants Bey Lea Village Care Center and/or 1351 Old Freehold Operations LLCand/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, Plaintiff, among other things, was forced to undergo medical treatment, and, as a result, was obliged to expend sums of money for medical, hospital and other care and treatment and was precluded from engaging in her normal and usual pursuits and activities, among other injuries, losses and damages.

15. Had the Defendants Bey Lea Village Care Center and/or 1351 Old Freehold Operations LLCand/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10 followed the appropriate and applicable standards of care, Plaintiff would not have suffered the above-identified injuries, damages and losses.

16. The injuries, damages and losses herein complained of were directly and proximately caused by the negligence and want of care of Defendants Bey Lea Village Care Center and/or 1351 Old Freehold Operations LLCand/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, with no negligence on the part of Plaintiff contributing thereto.

**WHEREFORE**, Plaintiff, demands Judgment against Defendants, Defendants Bey Lea Village Care Center, 1351 Old Freehold Operations LLC, Holdings LLC Genesis NJ, Arnold Whitman, Steven Fishman, John Doe(s) 1-10 and ABC Corp(s) 1-10, jointly, severally or in the alternative, for:

    (a)    Compensatory damages;
    (b)    Interest;
    (c)    Costs of Suit; and
    (d)    Whatever other relief this Court deems just and equitable.

## COUNT II

### MEDICAL MALPRACTICE AND NEGLIGENCE AS TO DEFENDANTS ARISTACARE AT MANCHESTER, ARISTACARE AT MANCHESTER, LLC, BENJAMIN KURLAND, MORRIS WIESEL, SIDNEY GREENBERGER, ZVI KLEIN, JOHN DOE(S) 11-20 & ABC CORP(S) 11-20 (FIRST ADMISSION)

1. Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein

2.  On or about July 24, 2015, Jean Picone was admitted to Defendant Aristacare at Manchester as a resident at those premises for rehabilitation and nursing care as she was disabled, bed bound and/or wheelchair bound.

3.  Jean Picone was a resident of the long-term care facility known as Aristacare at Manchester from on or about July 24, 2015, through on or about July 27, 2015.

4.  The Defendant, Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, was the licensee of Aristcare at Manchester, the nursing home in which Jean Picone resided at all times relevant to this Complaint.

5.  The Defendant, Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, was the owner of Aristacare at Manchester, the nursing home in which Jean Picone resided at all times relevant to this Complaint.

6.  The facility, Aristacare at Manchester, is located at 1770 Tobias Avenue, Manchester, New Jersey 08759.

7.  During her time as a resident at the premises of Defendant Aristacare at Manchester, starting on approximately July 24, 2015 and continuing through July 27, 2015, Jean Picone developed bed sores / pressure ulcers throughout her body.

8.  At all times relevant to this Complaint, the persons responsible for attending to Jean Picone were acting as employees, agents, employee and/or servants of the Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20.

9.  At all times relevant to this Complaint, Defendant Aristacare at Manchester was a "long term care facility" and/or "nursing home" and/or "residential health care facility" and/or "comprehensive personal care home" and/or "skilled nursing facility" and/or "rehabilitation center."

10. It then and there became the duty and/or responsibility of Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20 to provide assistance and/or care and/or treatment to Jean Picone consistent with that provided by a reasonably well-qualified "long term care facility" and/or "nursing home" and/or "residential health care facility" and/or "comprehensive personal care home" and/or "skilled nursing facility" and/or "rehabilitation center" in the care of Jean Picone.

11. Since July 24, 2015 until her discharge on July 27, 2015, Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20 have breached their aforesaid duties and responsibilities to provide assistance and/or care and/or treatment to Jean Picone through one or more of the follow acts and/or omissions:

    a. Neglecting to provide adequate medical or personal care or maintenance, which failure resulted in Jean Picone's physical or mental injury and deterioration of her physical or mental condition including, but not limited to, the development of bed sores / pressure ulcers and the infliction of mechanical injuries;

    b. Neglecting to provide adequate assistance to Jean Picone in her "personal care", including tending to her personal needs or maintenance or general supervision and oversight of her physical and mental well-being;

    c. Neglecting Jean Picone by failing to appropriately turn her over in her bed and/or turn her in her chair, resulting in bed sores / pressure ulcers forming on her body; and

    d. Neglecting to properly provide adequate nursing home care, treatment and service to Jean Picone in preventing the development of bed sores / pressure ulcers forming on her body.

12. As a direct and proximate cause of one or more of the negligent acts and/or omissions of the Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, Jean Picone was caused to suffer illnesses and injuries, including, but not limited to, the development of bed sores / pressure ulcers throughout her body and the infliction of mechanical injuries.

13. As a direct and proximate cause of the above-described deviations of from the applicable standards of care and breaches by the Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, Plaintiff was caused to sustain serious, painful and permanent injuries to her body, including great physical and mental pain and suffering.

14. As a direct and proximate cause of the above-described deviations of from the applicable standards of care and breaches by the Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, Plaintiff, among other things, was

forced to undergo medical treatment, and, as a result, was obliged to expend sums of money for medical, hospital and other care and treatment and was precluded from engaging in her normal and usual pursuits and activities, among other injuries, losses and damages.

15. Had the Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20 followed the appropriate and applicable standards of care, Plaintiff would not have suffered the above-identified injuries, damages and losses.

16. The injuries, damages and losses herein complained of were directly and proximately caused by the negligence and want of care of Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, with no negligence on the part of Plaintiff contributing thereto.

**WHEREFORE**, Plaintiff demands Judgment against Defendants, Aristacare at Manchester, Aristacare at Manchester, LLC, Benjamin Kurland, Morris Wiesel, Sidney Greenberger, Zvi Klein, John Doe(s) 11-20 and ABC Corp(s) 11-20, jointly, severally or in the alternative, for:

    (a)    Compensatory damages;
    (b)    Interest;
    (c)    Costs of Suit; and
    (d)    Whatever other relief this Court deems just and equitable.

## COUNT III

### MEDICAL MALPRACTICE AND NEGLIGENCE AS TO DEFENDANTS ARISTACARE AT MANCHESTER, ARISTACARE AT MANCHESTER, LLC, BENJAMIN KURLAND, MORRIS WIESEL, SIDNEY GREENBERGER, ZVI KLEIN, JOHN DOE(S) 11-20 & ABC CORP(S) 11-20 (SECOND ADMISSION)

1. Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein

2. On or about August 12, 2015, Jean Picone was admitted to Defendant Aristacare at Manchester as a resident at those premises for rehabilitation and nursing care as she was disabled, bed bound and/or wheelchair bound.

3. Jean Picone was a resident of the long-term care facility known as Aristacare at Manchester from on or about August 12, 2015, through the date of her ultimate and final discharge from that facility.

9

4. The Defendant, Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, was the licensee of Aristcare at Manchester, the nursing home in which Jean Picone resided at all times relevant to this Complaint.

5. The Defendant, Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, was the owner of Aristacare at Manchester, the nursing home in which Jean Picone resided at all times relevant to this Complaint.

6. The facility, Aristacare at Manchester, is located at 1770 Tobias Avenue, Manchester, New Jersey 08759.

7. During her time as a resident at the premises of Defendant Aristacare at Manchester, starting on approximately August 12, 2015, and continuing through her ultimate discharge from the facility, Jean Picone developed bed sores / pressure ulcers throughout her body.

8. At all times relevant to this Complaint, the persons responsible for attending to Jean Picone were acting as employees, agents, employee and/or servants of the Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20.

9. At all times relevant to this Complaint, Defendant Aristacare at Manchester was a "long term care facility" and/or "nursing home" and/or "residential health care facility" and/or "comprehensive personal care home" and/or "skilled nursing facility" and/or "rehabilitation center."

10. It then and there became the duty and/or responsibility of Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20 to provide assistance and/or care and/or treatment to Jean Picone consistent with that provided by a reasonably well-qualified "long term care facility" and/or "nursing home" and/or "residential health care facility" and/or "comprehensive personal care home" and/or "skilled nursing facility" and/or "rehabilitation center" in the care of Jean Picone.

11. Since August 12, 2015, until her ultimate discharge from the facility, Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20 have breached their aforesaid duties and responsibilities to provide assistance and/or care and/or treatment to Jean Picone through one or more of the follow acts and/or omissions:

a. Neglecting to provide adequate medical or personal care or maintenance, which failure resulted in Jean Picone's physical or mental injury and deterioration of her physical or mental condition including, but not limited to, the development of bed sores / pressure ulcers and the infliction of mechanical injuries;

b. Neglecting to provide adequate assistance to Jean Picone in her "personal care", including tending to her personal needs or maintenance or general supervision and oversight of her physical and mental well-being;

c. Neglecting Jean Picone by failing to appropriately turn her over in her bed and/or turn her in her chair, resulting in bed sores / pressure ulcers forming on her body; and

d. Neglecting to properly provide adequate nursing home care, treatment and service to Jean Picone in preventing the development of bed sores / pressure ulcers forming on her body.

12. As a direct and proximate cause of one or more of the negligent acts and/or omissions of the Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, Jean Picone was caused to suffer illnesses and injuries, including, but not limited to, the development of bed sores / pressure ulcers throughout her body and the infliction of mechanical injuries.

13. As a direct and proximate cause of the above-described deviations of from the applicable standards of care and breaches by the Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, Plaintiff was caused to sustain serious, painful and permanent injuries to her body, including great physical and mental pain and suffering.

14. As a direct and proximate cause of the above-described deviations of from the applicable standards of care and breaches by the Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, Plaintiff, among other things, was forced to undergo medical treatment, and, as a result, was obliged to expend sums of money for medical, hospital and other care and treatment and was precluded from engaging in her normal and usual pursuits and activities, among other injuries, losses and damages.

15. Had the Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger

11

and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20 followed the appropriate and applicable standards of care, Plaintiff would not have suffered the above-identified injuries, damages and losses.

16. The injuries, damages and losses herein complained of were directly and proximately caused by the negligence and want of care of Defendants, Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, with no negligence on the part of Plaintiff contributing thereto.

**WHEREFORE**, Plaintiff demands Judgment against Defendants, Aristacare at Manchester, Aristacare at Manchester, LLC, Benjamin Kurland, Morris Wiesel, Sidney Greenberger, Zvi Klein, John Doe(s) 11-20 and ABC Corp(s) 11-20, jointly, severally or in the alternative, for:

(a)   Compensatory damages;
(b)   Interest;
(c)   Costs of Suit; and
(d)   Whatever other relief this Court deems just and equitable.

## COUNT IV

## MEDICAL MALPRACTICE AND NEGLIGENCE AS TO DEFENDANTS OCEAN MEDICAL CENTER, MERIDIAN HEALTH, HACKENSACK MERIDIAN HEALTH, JOHN DOE(S) 21-30 & ABC CORP(S) 21-30 (FIRST ADMISSION)

1. Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein

2. On or about July 13, 2015, and continuing through July 24, 2015, the Plaintiff was a patient of and at the business owned and/or operated and/or controlled and/or leased by the Defendants, Ocean Medical Center and/or Meridian Health and/or Hackensack Meridian Health and/or John Doe(s) 21-30 and/or ABC Corp(s) 21-30, located at 425 Jack Martin Boulevard, Township of Brick, County of Ocean and State of New Jersey.

3. At said time and place, while Plaintiff was a patient of the Defendants, Ocean Medical Center and/or Meridian Health and/or Hackensack Meridian Health and/or John Doe(s) 21-30 and/or ABC Corp(s) 21-30, she was caused to suffer injury due to the negligence of the Defendants and/or unknown agents of said Defendants.

12

4.  Defendants, Ocean Medical Center and/or Meridian Health and/or Hackensack Meridian Health and/or John Doe(s) 21-30 and/or ABC Corp(s) 21-30, were negligent in that:

    (a) they failed to diagnose and treat a medical condition suffered by Plaintiff Jean Picone, for which she sought treatment;
    (b) they did not exercise proper care;
    (c) they deviated from the accepted standards of the medical profession; and
    (d) they were otherwise negligent.

5.  As a result of the negligence of the Defendants, Ocean Medical Center and/or Meridian Health and/or Hackensack Meridian Health and/or John Doe(s) 21-30 and/or ABC Corp(s) 21-30, the Plaintiff was caused to suffer and sustain severe and permanent injuries.

**WHEREFORE**, Plaintiff demands Judgment against Defendants, Ocean Medical Center, Meridian Health, Hackensack Meridian Health John Doe(s) 21-30 and ABC Corp(s) 21-30, jointly, severally or in the alternative, for:

(a)  Compensatory damages;
(b)  Interest;
(c)  Costs of Suit; and
(d)  Whatever other relief this Court deems just and equitable.

## COUNT V

## MEDICAL MALPRACTICE AND NEGLIGENCE AS TO DEFENDANTS OCEAN MEDICAL CENTER, MERIDIAN HEALTH, HACKENSACK MERIDIAN HEALTH, JOHN DOE(S) 21-30 & ABC CORP(S) 21-30 (SECOND ADMISSION)

6.  Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein

7.  On or about July 27, 2015 and continuing through August 12, 2015, the Plaintiff was a patient of and at the business owned and/or operated and/or controlled and/or leased by the Defendants, Ocean Medical Center and/or Meridian Health and/or Hackensack Meridian Health and/or John Doe(s) 21-30 and/or ABC Corp(s) 21-30, located at 425 Jack Martin Boulevard, Township of Brick, County of Ocean and State of New Jersey.

8.  At said time and place, while Plaintiff was a patient of the Defendants, Ocean Medical Center and/or Meridian Health and/or Hackensack Meridian Health and/or John Doe(s) 21-30 and/or ABC Corp(s) 21-30, she was caused to suffer injury due to the negligence of the Defendants and/or unknown agents of said Defendants.

13

9. Defendants, Ocean Medical Center and/or Meridian Health and/or Hackensack Meridian Health and/or John Doe(s) 21-30 and/or ABC Corp(s) 21-30, were negligent in that:

    (a) they failed to diagnose and treat a medical condition suffered by Plaintiff Jean Picone, for which she soughttreatment;

    (b) they did not exercise proper care;

    (c) they deviated from the accepted standards of the medical profession; and

    (d) they were otherwise negligent.

10. As a result of the negligence of the Defendants, Ocean Medical Center and/or Meridian Health and/or Hackensack Meridian Health and/or John Doe(s) 21-30 and/or ABC Corp(s) 21-30, the Plaintiff was caused to suffer and sustain severe and permanent injuries.

**WHEREFORE**, Plaintiff demands Judgment against Defendants, Ocean Medical Center, Meridian Health, Hackensack Meridian Health John Doe(s) 21-30 and ABC Corp(s) 21-30, jointly, severally or in the alternative, for:

    (a)    Compensatory damages;

    (b)    Interest;

    (c)    Costs of Suit; and

    (d)    Whatever other relief this Court deems just and equitable.

## COUNT VI

### NEW JERSEY NURSING HOME RESPONSIBILITIES & RIGHTS OF RESIDENTS ACT ("NHRRRA") AS TO DEFENDANTS BEY LEA VILLAGE CARE CENTER, 1351 OLD FREEHOLD OPERATIONS LLC, HOLDINGS LLC GENESIS NJ, ARNOLD WHITMAN, STEVEN FISHMAN, JOHN DOE(S) 1-10 AND ABC CORP(S) 1-10

1. Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein

2. At all times relevant to this Complaint, there was in full force and effect a statute, known as the New Jersey Nursing Home Responsibilities & Rights of Residents Act ("NHRRRA"), N.J.S.A. 30:13-1, *et seq*.

3. At all times relevant to this Complaint, Defendant Bey Lea Village Care Center, owned, operated and or managed by the Defendants 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, was a

14

"facility" as defined by the New Jersey NHRRRA, and was subject to the requirements of the Act and the regulations promulgated pursuant to the Act.

4. The aforementioned acts and omissions of the Defendants Bey Lea Village Care Center, 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, constituted breaches of the duties of said Defendants under the New Jersey Nursing Home Responsibilities and Rights of Residents Act and the administrative regulations promulgated pursuant thereto.

5. As a direct and proximate result of one or more of the negligent acts and/or omissions of the Defendants Bey Lea Village Care Center, 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, in violating the New Jersey Nursing Home Responsibilities and Rights of Residents Act and the administrative regulations promulgated pursuant thereto, Plaintiff was caused to suffer illnesses, including, but not limited to, developing bed sores / pressure ulcers throughout her body and the infliction of mechanical injuries.

6. As a direct and proximate result of one or more of the negligent acts and/or omissions of the Defendants Bey Lea Village Care Center, 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, in violating the New Jersey Nursing Home Responsibilities and Rights of Residents Act and the administrative regulations promulgated pursuant thereto, Plaintiff was, Plaintiff was caused to sustain serious, painful and permanent injuries to her body, including great physical and mental pain and suffering.

7. As a direct and proximate result of one or more of the negligent acts and/or omissions of the Defendants Bey Lea Village Care Center, 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, in violating the New Jersey Nursing Home Responsibilities and Rights of Residents Act and the administrative regulations promulgated pursuant thereto, Plaintiff was, among other things, was forced to undergo medical treatment, and, as a result, was obliged to expend sums of money for medical, hospital and other care and treatment and was precluded from engaging in her normal and usual pursuits and activities, among other injuries, losses and damages.

**WHEREFORE**, Plaintiff demands Judgment against Defendants, Defendants Bey Lea Village Care Center, 1351 Old Freehold Operations LLC, Holdings LLC Genesis NJ, Arnold Whitman, Steven Fishman, John Doe(s) 1-10 and ABC Corp(s) 1-10, jointly, severally or in the alternative, for:

(a)     Compensatory damages;
(b)     Interest;

(c)     Costs of Suit; and

(d)     Whatever other relief this Court deems just and equitable.

## COUNT VII

### NEW JERSEY NURSING HOME RESPONSIBILITIES & RIGHTS OF RESIDENTS ACT ("NHRRRA") AS TO DEFENDANTS ARISTACARE AT MANCHESTER, ARISTACARE AT MANCHESTER, LLC, BENJAMIN KURLAND, MORRIS WIESEL, SIDNEY GREENBERGER, ZVI KLEIN, JOHN DOE(S) 11-20 & ABC CORP(S) 11-20

1. Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein

2. At all times relevant to this Complaint, there was in full force and effect a statute, known as the New Jersey Nursing Home Responsibilities & Rights of Residents Act ("NHRRRA"), N.J.S.A. 30:13-1, *et seq*.

3. At all times relevant to this Complaint, Defendant Aristacare at Manchester, owned, operated and or managed by the Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, was a "facility" as defined by the New Jersey NHRRRA, and was subject to the requirements of the Act and the regulations promulgated pursuant to the Act.

4. The aforementioned acts and omissions of the Defendants Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, constituted breaches of the duties of said Defendants under the New Jersey Nursing Home Responsibilities and Rights of Residents Act and the administrative regulations promulgated pursuant thereto.

5. As a direct and proximate result of one or more of the negligent acts and/or omissions of the Defendants Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, in violating the New Jersey Nursing Home Responsibilities and Rights of Residents Act and the administrative regulations promulgated pursuant thereto, Plaintiff was caused to suffer illnesses, including, but not limited to, developing bed sores / pressure ulcers throughout her body and the infliction of mechanical injuries.

6. As a direct and proximate result of one or more of the negligent acts and/or omissions of the Defendants Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-

20, in violating the New Jersey Nursing Home Responsibilities and Rights of Residents Act and the administrative regulations promulgated pursuant thereto, Plaintiff was, Plaintiff was caused to sustain serious, painful and permanent injuries to her body, including great physical and mental pain and suffering.

7.  As a direct and proximate result of one or more of the negligent acts and/or omissions of the Defendants Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, in violating the New Jersey Nursing Home Responsibilities and Rights of Residents Act and the administrative regulations promulgated pursuant thereto, Plaintiff was, among other things, was forced to undergo medical treatment, and, as a result, was obliged to expend sums of money for medical, hospital and other care and treatment and was precluded from engaging in her normal and usual pursuits and activities, among other injuries, losses and damages.

**WHEREFORE**, Plaintiff demands Judgment against Defendants, Aristacare at Manchester, Aristacare at Manchester, LLC, Benjamin Kurland, Morris Wiesel, Sidney Greenberger, Zvi Klein, John Doe(s) 11-20 and ABC Corp(s) 11-20, jointly, severally or in the alternative, for:

(a)  Compensatory damages;
(b)  Interest;
(c)  Costs of Suit; and
(d)  Whatever other relief this Court deems just and equitable.

## COUNT VIII

### OMNIBUS BUDGET RECONCILIATION ACT ("OBRA") AND OBRA REGULATIONS, AND THE FEDERAL NURSING HOME REFORM ACT ("FNHRA"), AND FNHRA REGULATIONS, AND THE MEDICARE SECONDARY PAYER ACT ("MSPA") AS TO DEFENDANTS BEY LEA VILLAGE CARE CENTER, 1351 OLD FREEHOLD OPERATIONS LLC, HOLDINGS LLC GENESIS NJ, ARNOLD WHITMAN, STEVEN FISHMAN, JOHN DOE(S) 1-10 AND ABC CORP(S) 1-10

1.  Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein

2.  At all times relevant to this Complaint, Plaintiff was a recipient of Medicare and/or Medicaid and utilized her Medicare and/or Medicaid Benefits, in whole or in part, in connection with the facility placement and medical treatment outlined herein above.

17

3. At all times relevant to this Complaint, Defendant Bey Lea Village Care Center, owned, operated and or managed by the Defendants 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, were subject to the requirements of provisions of the Omnibus Budget Reconciliation Act of 1987 ("OBRA") and volume 42 of the Federal Regulations, Part 483, setting forth requirements for long-term care facilities (OBRA regulations), as effective on October 1, 1990; as well as the Federal Nursing Home Reform Act ("FNHRA") and the regulations promulgated pursuant thereto; as well as the Medicare Secondary Payer Act ("MSPA"); including but not limited to those parts of the Statutes as codified in 42 U.S.C. § 1395i-3, 42 U.S.C. § 1396r & 42 U.S.C. § 1395y(b).

4. At all times relevant to this Complaint, Defendants Bey Lea Village Care Center, 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, operated pursuant to a relationship with the State of New Jersey and/or the United States of America that rendered those defendants to be state actors, operating under color of state law, when rendering services and treatment to the Plaintiff.

5. Because the Defendants enumerated herein are state actors, enforcement of their violations of the aforementioned Statutes and Regulations is permitted pursuant to 42 U.S.C. § 1983.

6. The aforementioned Statutes and Regulations otherwise provide for a private right of action.

7. At all times relevant to this Complaint, Defendant Bey Lea Village Care Center, owned, operated and or managed by the Defendants 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, was a "nursing facility" as defined by 42 U.S.C. § 1396r.

8. The aforementioned acts and omissions of the Defendants Bey Lea Village Care Center, 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, constituted breaches of the duties of said Defendants under OBRA and pursuant to OBRA regulations; under FNHRA and pursuant to OBRA regulations; and under the MSPA and pursuant to MSPA regulations.

9. The aforementioned acts and omissions by the identified Defendants constitutes a deliberate indifference for the health, safety and wellbeing of the Plaintiff and, further, demonstrates the employment of a policy and custom by these Defendants to deprive the Plaintiff of her civil rights.

10. As a direct and proximate result of one or more of the negligent acts and/or omissions of the Defendants Bey Lea Village Care Center, 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, in violating OBRA and/or FNHRA and/or MSPA and the regulations promulgated pursuant thereto, Plaintiff was caused to suffer illnesses, including, but not limited to, developing bed sores / pressure ulcers throughout her body and the infliction of mechanical injuries.

11. As a direct and proximate result of one or more of the negligent acts and/or omissions of the Defendants Bey Lea Village Care Center, 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, in violating OBRA and/or FNHRA and/or MSPA and the regulations promulgated pursuant thereto, Plaintiff was, Plaintiff was caused to sustain serious, painful and permanent injuries to her body, including great physical and mental pain and suffering.

12. As a direct and proximate result of one or more of the negligent acts and/or omissions of the Defendants Bey Lea Village Care Center, 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, in violating OBRA and/or FNHRA and/or MSPA and the regulations promulgated pursuant thereto, Plaintiff was, among other things, was forced to undergo medical treatment, and, as a result, was obliged to expend sums of money for medical, hospital and other care and treatment and was precluded from engaging in her normal and usual pursuits and activities, among other injuries, losses and damages.

**WHEREFORE**, Plaintiff demands Judgment against Defendants Bey Lea Village Care Center, 1351 Old Freehold Operations LLC, Holdings LLC Genesis NJ, Arnold Whitman, Steven Fishman, John Doe(s) 1-10 and ABC Corp(s) 1-10, jointly, severally or in the alternative, for:

(a) Compensatory damages;
(b) Interest;
(c) Costs of Suit; and
(d) Whatever other relief this Court deems just and equitable.

## COUNT IX

### OMNIBUS BUDGET RECONCILIATION ACT ("OBRA") AND OBRA REGULATIONS, AND THE FEDERAL NURSING HOME REFORM ACT ("FNHRA"), AND FNHRA REGULATIONS, AND THE MEDICARE SECONDARY PAYER ACT ("MSPA")AS TO DEFENDANTS ARISTACARE AT MANCHESTER, ARISTACARE AT MANCHESTER, LLC, BENJAMIN KURLAND, MORRIS WIESEL, SIDNEY GREENBERGER, ZVI KLEIN, JOHN DOE(S) 11-20 & ABC CORP(S) 11-20

1. Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein

2. At all times relevant to this Complaint, Plaintiff was a recipient of Medicare and/or Medicaid and utilized her Medicare and/or Medicaid Benefits, in whole or in part, in connection with the facility placement and medical treatment outlined herein above.

3. At all times relevant to this Complaint, Defendant Aristacare at Manchester, owned, operated and or managed by the Defendants Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, were subject to the requirements of provisions of the Omnibus Budget Reconciliation Act of 1987 ("OBRA") and volume 42 of the Federal Regulations, Part 483, setting forth requirements for long-term care facilities (OBRA regulations), as effective on October 1, 1990; as well as the Federal Nursing Home Reform Act ("FNHRA") and the regulations promulgated pursuant thereto; as well as the Medicare Secondary Payer Act ("MSPA"); including but not limited to those parts of the Statutes as codified in 42 U.S.C. § 1395i-3, 42 U.S.C. § 1396r & 42 U.S.C. § 1395y(b).

4. At all times relevant to this Complaint, Defendant Aristacare at Manchester, Aristacare at Manchester, LLC, Benjamin Kurland, Morris Wiesel, Sidney Greenberger, Zvi Klein, John Doe(s) 11-20 and/or ABC Corp(s) 11-20, operated pursuant to a relationship with the State of New Jersey and/or the United States of America that rendered those defendants to be state actors, operating under color of state law, when rendering services and treatment to the Plaintiff.

5. Because the Defendants enumerated herein are state actors, enforcement of their violations of the aforementioned Statutes and Regulations is permitted pursuant to 42 U.S.C. § 1983.

6. The aforementioned Statutes and Regulations otherwise provide for a private right of action.

7. At all times relevant to this Complaint, Defendant Aristacare at Manchester, owned, operated and or managed by the Defendants Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, was a "nursing facility" as defined by 42 U.S.C. § 1396r.

8. The aforementioned acts and omissions of the Defendant Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, constituted breaches of the duties of said Defendants under OBRA and pursuant to OBRA regulations; under FNHRA and pursuant to OBRA regulations; and under the MSPA and pursuant to MSPA regulations.

9. The aforementioned acts and omissions by the identified Defendants constitutes a deliberate indifference for the health, safety and wellbeing of the Plaintiff and, further, demonstrates the employment of a policy and custom by these Defendants to deprive the Plaintiff of her civil rights.

10. As a direct and proximate result of one or more of the negligent acts and/or omissions of the Defendant Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, in violating OBRA and/or FNHRA and/or MSPA and the regulations promulgated pursuant thereto, Plaintiff was caused to suffer illnesses, including, but not limited to, developing bed sores / pressure ulcers throughout her body and the infliction of mechanical injuries.

11. As a direct and proximate result of one or more of the negligent acts and/or omissions of the Defendant Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, in violating OBRA and/or FNHRA and/or MSPA and the regulations promulgated pursuant thereto, Plaintiff was, Plaintiff was caused to sustain serious, painful and permanent injuries to her body, including great physical and mental pain and suffering.

12. As a direct and proximate result of one or more of the negligent acts and/or omissions of the Defendants Bey Lea Village Care Center, 1351 Old Freehold Operations LLC and/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, in violating OBRA and/or FNHRA and/or MSPA and the regulations promulgated pursuant thereto, Plaintiff was, among other things, was forced to undergo medical treatment, and, as a result, was obliged to expend sums of money for medical, hospital and other care and treatment and was precluded from engaging in her

normal and usual pursuits and activities, among other injuries, losses and damages.

**WHEREFORE**, Plaintiff demands Judgment against Defendants Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, jointly, severally or in the alternative, for:

(a)     Compensatory damages;
(b)     Interest;
(c)     Costs of Suit; and
(d)     Whatever other relief this Court deems just and equitable.

## COUNT X

### PIERCING THE CORPORATE VEIL AS TO DEFENDANTS BEY LEA VILLAGE CARE CENTER, 1351 OLD FREEHOLD OPERATIONS LLC, HOLDINGS LLC GENESIS NJ, ARNOLD WHITMAN, STEVEN FISHMAN, JOHN DOE(S) 1-10 AND ABC CORP(S) 1-10

1. Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein.

2. There is no clear distinction between Defendants Bey Lea Village Care Center; 1351 Old Freehold Operations LLC; Holdings LLC Genesis NJ; Arnold Whitman; Steven Fishman; John Doe(s) 1-10 and/or ABC Corp(S) 1-10.

3. Defendants Bey Lea Village Care Center; 1351 Old Freehold Operations LLC; Holdings LLC Genesis NJ; Arnold Whitman; Steven Fishman; John Doe(s) 1-10 and ABC Corp(S) 1-10 are inadequately capitalized and the business forms were used to merely evade responsibility.

4. The business entities were created to defeat public convenience, justify wrong, protect fraud or defend a crime.

5. Fraud or injustice will occur if the business entities are not disregarded.

**WHEREFORE**, Plaintiff, demands Judgment against Defendants Bey Lea Village Care Center, 1351 Old Freehold Operations LLC, Holdings LLC Genesis NJ, Arnold Whitman, Steven Fishman, John Doe(s) 1-10 and ABC Corp(s) 1-10, jointly, severally or in the alternative, for:

(a)     Piercing the Corporate Veil;

(b)    Compensatory damages;

(b)    Interest;

©    Costs of Suit; and

(d)    Whatever other relief this Court deems just and equitable.

## COUNT XI

### PIERCING THE CORPORATE VEIL AS TO DEFENDANTS ARISTACARE AT MANCHESTER, ARISTACARE AT MANCHESTER, LLC, BENJAMIN KURLAND, MORRIS WIESEL, SIDNEY GREENBERGER, ZVI KLEIN, JOHN DOE(S) 11-20 & ABC CORP(S) 11-20

1. Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein.

2. There is no clear distinction between Defendants Aristacare at Manchester; Aristacare at Manchester, LLC; Benjamin Kurland; Morris Wiesel; Sidney Greenberger; Zvi Klein; John Doe(s) 11-20 and/or ABC Corp(s) 11-20.

3. Defendants Aristacare at Manchester; Aristacare at Manchester, LLC; Benjamin Kurland; Morris Wiesel; Sidney Greenberger; Zvi Klein; John Doe(s) 11-20 and ABC Corp(s) 11-20 are inadequately capitalized and the business forms were used to merely evade responsibility.

4. The business entities were created to defeat public convenience, justify wrong, protect fraud or defend a crime.

5. Fraud or injustice will occur if the business entities are not disregarded.

**WHEREFORE**, Plaintiff demands Judgment against Defendants Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, jointly, severally or in the alternative, for:

      (a) Piercing the Corporate Veil;

      (b) Compensatory damages;

      (c) Interest;

      (d) Costs of Suit; and

      (e) Whatever other relief this Court deems just and equitable.

## COUNT XII

### PIERCING THE CORPORATE VEIL AS TO DEFENDANTS OCEAN MEDICAL CENTER, MERIDIAN HEALTH, HACKENSACK MERIDIAN HEALTH, JOHN DOE(S) 21-30 & ABC CORP(S) 21-30

1. Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein.

2. There is no clear distinction between Defendants Ocean Medical Center; Meridian Health; Hackensack Meridian Health; John Doe(s) 21-30 and/or ABC Corp(s) 21-30.

3. Defendants Ocean Medical Center; Meridian Health; Hackensack Meridian Health; John Doe(s) 21-30 and/or ABC Corp(s) 21-30 are inadequately capitalized and the business forms were used to merely evade responsibility.

4. The business entities were created to defeat public convenience, justify wrong, protect fraud or defend a crime.

5. Fraud or injustice will occur if the business entities are not disregarded.

**WHEREFORE**, Plaintiff demands Judgment against Defendants, Ocean Medical Center, Meridian Health, Hackensack Meridian Health John Doe(s) 21-30 and ABC Corp(s) 21-30, jointly, severally or in the alternative, for:

    (a)    Piercing the Corporate Veil;
    (b)    Compensatory damages;
    (b)    Interest;
    (c)    Costs of Suit; and
    (d)    Whatever other relief this Court deems just and equitable.

## COUNT XIII

### PER QUOD / LOSS OF CONSORTIUM AS TO ALL DEFENDANTS

1. Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein.

2. At all times relevant to this action, Plaintiff, Joseph Picone, was and is the lawful spouse of the Plaintiff, Jean Picone, and, as such, is entitled to her services, society and consortium.

3. Solely because of the negligence of the Defendants described above, jointly, severally or in the alternative, resulting in injuries to the Plaintiff, Jean Picone,

Plaintiff, Joseph Picone, became deprived of the services, society, and consortium of the Plaintiff, Jean Picone.

4. As a result of the injuries suffered by the Plaintiff, Jean Picone, Plaintiff Joseph Picone has and still will in the future, be required to provide special services and care for Jean Picone.

**WHEREFORE**, Plaintiffs demand Judgment against Defendants, jointly, severally or in the alternative, for:

     (a)    Piercing the Corporate Veil;
     (b)    Compensatory damages;
     (b)    Interest;
     (c)    Costs of Suit; and
     (d)    Whatever other relief this Court deems just and equitable.

## COUNT XIV

### AGENCY

1. Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein.

2. Defendants, John Doe(s) 1-10 and ABC Corp(s) 1-10, were at all times mentioned herein duly appointed and/or duly hired and/or duly contracted and acting members and/or employees and/or contracted persons of the Defendants Bey Lea Village Care Center and/or 1351 Old Freehold Operations LLCand/or Holdings LLC Genesis NJ and/or Arnold Whitman and/or Steven Fishman and/or John Doe(s) 1-10 and/or ABC Corp(s) 1-10, and at all times herein were acting in such capacities as the agents, servants and/or employees of said entities.

3. Defendants, John Doe(s) 11-20 and ABC Corp(s) 11-20, were at all times mentioned herein duly appointed and/or duly hired and/or duly contracted and acting members and/or employees and/or contracted persons of the Defendants Aristacare at Manchester and/or Aristacare at Manchester, LLC and/or Benjamin Kurland and/or Morris Wiesel and/or Sidney Greenberger and/or Zvi Klein and/or John Doe(s) 11-20 and/or ABC Corp(s) 11-20, and at all times herein were acting in such capacities as the agents, servants and/or employees of said entities.

4. Defendants, John Doe(s) 21-30 and ABC Corp(s) 21-30, were at all times mentioned herein duly appointed and/or duly hired and/or duly contracted and acting members and/or employees and/or contracted persons of the Defendants Ocean Medical Center and/or Meridian Health and/or Hackensack Meridian Health and/or John Doe(s) 21-30 and/or ABC Corp(s) 21-30, and at all times herein were acting in such capacities as the agents, servants and/or employees of said entities.

5.   The actions of Defendants were negligent and contrary to the Laws of the State of New Jersey and the United States and of Common Law as set forth herein above.

6.   Defendants are liable for the negligent and/or intentional acts of its agents, servants and/or employees by virtue of the doctrine of respondeat superior.

7.   As a result of the negligent and intentional conduct set forth above, Plaintiff sustained diverse personal injuries together with pain and suffering.

**WHEREFORE**, Plaintiffs, demand Judgment against Defendants, jointly, severally or in the alternative, for:

(a)   Compensatory damages;
(b)   Interest;
(c)   Costs of Suit; and
(d)   Whatever other relief this Court deems just and equitable.

## COUNT XV

### PUNITIVE DAMAGES

1.   Plaintiff repeats and realleges all allegations asserted above as if set forth at length herein.

2.   The acts of Defendants as averred herein were willful, wanton, malicious, intentional and/or evidenced a reckless disregard to the rights, health and safety of the Plaintiffs.

**WHEREFORE**, Plaintiffs demand Judgment against Defendants, jointly, severally or in the alternative, for:

(a)   Punitive damages;
(b)   Compensatory damages;
(b)   Interest;
(c)   Costs of Suit; and
(d)   Whatever other relief this Court deems just and equitable.

**DASTI, MURPHY, McGUCKIN, ULAKY**
**KOUTSOURIS & CONNORS**
Attorneys for Plaintiffs

BY:   /S/ CHRISTOPHER K. KOUTSOURIS
      **CHRISTOPHER K. KOUTSOURIS, ESQUIRE**
**DATED**: June 5, 2017      **(CK-7552)**

26

## DESIGNATION OF TRIAL COUNSEL

Christopher K. Koutsouris, Esquire, is hereby designated as trial counsel on behalf of the Plaintiffs.

**DASTI, MURPHY, McGUCKIN, ULAKY KOUTSOURIS & CONNORS**
Attorneys for Plaintiffs

BY:   /S/ CHRISTOPHER K. KOUTSOURIS
**CHRISTOPHER K. KOUTSOURIS, ESQUIRE**
**DATED**:   June 5, 2017   **(CK-7552)**

## JURY DEMAND

**PLEASE TAKE NOTICE** that the Plaintiffs hereby demand a trial by jury on all the issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

**DASTI, MURPHY, McGUCKIN, ULAKY KOUTSOURIS & CONNORS**
Attorneys for Plaintiffs

BY:   /S/ CHRISTOPHER K. KOUTSOURIS
**CHRISTOPHER K. KOUTSOURIS, ESQUIRE**
**DATED**:   June 5, 2017   **(CK-7552)**

## CERTIFICATION PURSUANT LOCAL RULE 11.2

I hereby certify that to the best of my personal knowledge that the within claims of Plaintiff are not the subject of any other action pending in any court or arbitration proceeding and no other action is contemplated. Plaintiff further certifies that no parties are known who should be joined in the within action.

**DASTI, MURPHY, McGUCKIN, ULAKY KOUTSOURIS & CONNORS**
Attorneys for Plaintiffs

BY:   /S/ CHRISTOPHER K. KOUTSOURIS
**CHRISTOPHER K. KOUTSOURIS, ESQUIRE**
**DATED**:   June 5, 2017   **(CK-7552)**